[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
The application for a prejudgment remedy consisting of attachments of the real estate described in Schedules A, B and C is granted. The plaintiffs have established probable cause to sustain the validity of their claim pursuant to Conn. Gen. Stat.52-278a et seq. A reasonable interpretation of paragraph 7 of the agreement between the parties supports plaintiffs' contention.
That paragraph provides, in pertinent part:
 In the event that Buyer obtains approval to construct more than 154 condominium units on said premises, it shall pay Sellers, in addition to any other amounts due under the terms of this agreement, Five Thousand Dollars ($5,000) for each additional condominium unit in excess CT Page 3741 of 154 at the time each of said units is completed and sold by Buyer. Said payments shall be in addition to the base price of Eight Hundred Thousand Dollars ($800,000) set forth in paragraph 4 above. However, nothing contained in this paragraph shall serve to limit in any way Buyer's right to terminate this agreement if fewer than 160 condominium units are approved as set forth in paragraph 5 above.
On the basis of the language used in that paragraph, what the parties agreed can be clarified by paraphrasing it as follows:
 If Kosow obtains approval to construct more than 154 units, it shall pay, in addition to any other amounts due under the terms of the agreement, five thousand dollars for each additional condominium unit [constructed] in excess of 154, at the time each of said units [the additional condominium units constructed] is completed and sold by Kosow.
Give the clear and obvious meaning of that language, the interpretation suggested by plaintiffs is reasonable and logical, especially in view of the fact that the parties did not provide that all of the original 154 units had to be sold first.
The parties agree that the additional ten units constructed have been completed and sold. Accordingly, probable cause has been established as to satisfying all prerequisites for the additional payments. The claim for interest at the legal rate from the time each of the ten units was sold has been established, as well.
Accordingly, the prejudgment remedy requested is granted in the amount of $75,000.
Barry R. Schaller, Judge